IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. TDC-19-200** |
| | * | |
| **ERIC EION MARQUES,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | ******* | |

## GOVERNMENT'S CONSENT MOTION TO
## EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, by its undersigned counsel, hereby moves that this Court make a finding pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B) that time necessary for discovery in this complex case and for the parties meaningfully to begin and engage in plea discussions means that the ends of justice are served by continuing the trial date beyond the 70 day period normally required under 18 U.S.C. § 3161(c)(1), because the necessity for discovery in this complicated child pornography case and for discussing a possible resolution to this case without the need for trial outweighs the best interests of the public and the defendant in a speedy trial. For the reasons set forth below, the Court should find that the parties need a longer period than is normally afforded under the Speedy Trial Act for review of the pertinent records and trial preparation, and for working together to try to resolve this case without the need for trial.

1. This case arises out of an investigation involving the distribution and advertising of child pornography between approximately July 24, 2008 and July 29, 2013. On April 17, 2019, a grand jury sitting in the District of Maryland returned a four-count indictment charging Defendant with (1) Conspiracy to Advertise Child Pornography; (2) Conspiracy to Distribute of Child Pornography; (3) Advertising Child Pornography; and (4) Distribution of Child Pornography, all in violation of Title 18, United States Code, Sections 2251, 2252A, and 2.

2.	According to the amended criminal complaint dated July 29, 2013, Marques allegedly operated a free, anonymous web hosting service (AHS) located on the "dark web", an area of the Internet that is only accessible by means of special software, allowing users and website operators to remain anonymous or untraceable.  The AHS allegedly hosted websites that allowed users to view and share images documenting the sexual abuse of children, including the abuse of prepubescent minors, violent sexual abuse, and bestiality.

3.	According to the amended criminal complaint, as of July 12, 2013, one site hosted on the AHS reported that there were almost 1.4 million files that were uploaded and accessible by individuals who visited the hidden service. During 2012 and 2013, FBI agents and employees using computers in Maryland downloaded more than one million files from that website.  As part of the investigation, those files were reviewed and nearly all of the files depict children who are engaging in sexually explicit conduct with adults or other children, posed nude and/or in such a manner as to expose their genitals, in various states of undress, or depict child erotica.

4.	The United States has communicated to defense counsel the fact that discovery in this matter is relatively voluminous, in the form of numerous computer hard drives, email accounts, and a significant amount of child exploitation material, and that all Rule 16 materials will be made available for defense counsel's inspection upon the issuance of a protective order, which is under negotiation.  Because the Defendant's conduct occurred overseas, a trial in this matter would also involve the coordination of foreign evidence and witnesses.  Defense counsel cannot meaningfully prepare for trial or engage in plea discussions until the review of discovery is complete.

4.	In light of the complexity of the case, the relatively large amount of discovery, the possibility of plea negotiations, and the relevant scheduling parameters, it is clear that the 70 days

contemplated by the Speedy Trial Act for discovery, pre-trial motions, and trial preparation will be inadequate. Counsel for Defendant, Brendan A. Hurson, Esq. has reviewed this motion, and authorized me to state to the Court that he agrees that the Speedy Trial Act should be tolled.

5. For the foregoing reasons, the government requests that the Court find that the interests of justice require a reasonable period of time to be excluded from the Speedy Trial clock pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B) because it is in the interests of justice for defense counsel to have a period of time to receive and study the discovery in this complex case. It is in the interests of justice for the parties to have beyond 70 days to review discovery, prepare the case for trial, and to engage in plea discussions with a view towards attempting to resolve this case without the need for trial.[1]

For the convenience of the Court a proposed order is attached.

Respectfully submitted,

ROBERT K. HUR
UNITED STATES ATTORNEY

By: _____/s/_____
Kristi N. O'Malley
Thomas M. Sullivan

Dated: May 2, 2019

---

[1] In addition, several courts have held that time occupied with plea negotiations may appropriately be treated as one of the other unspecified "proceedings involving the defendant" that can serve as a basis for excluding time under the Speedy Trial clock pursuant to section 3161(h)(1). Thus, in *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987), the Seventh Circuit expressly held that "[t]he plea bargaining process can also qualify as one of many 'other proceedings' under the generic exclusion of section 3161(h)(1) . . . . [N]egotiating a plea bargain could be considered a proceeding other than trial, or preparation for trial, that qualifies for the exclusion." The Eighth Circuit reached the same conclusion in *United States v. Van Sommeren*, 118 F.2d 1214, 1218 (8th Cir. 1997), where it held that "we exclude the plea negotiations as a 'proceeding involving defendant' under section 3161(h)(1)." *See also United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987) (same). *But see United States v. Ramirez-Cortez*, 213 F.2d 1348, 1352 (9th Cir. 1983) (holding that negotiation of a plea agreement is not one of the factors supporting exclusion under the Speedy Trial Act).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, this 8th day of May 2019, caused a copy of the foregoing Government's Consent Motion to Exclude Time Under the Speedy Trial Act to be delivered by CM/ECF to all counsel of record.

_____/s/_____
Thomas M. Sullivan
Assistant United States Attorney