# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. TDC-19-200** |
| | * | |
| **ERIC EION MARQUES,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | ******* | |

## PROTECTIVE ORDER

This matter comes before the Court on the parties Consent Motion for a Protective Order Pursuant to Federal Rule of Criminal Procedure 16(d)(1). The request is hereby **GRANTED** and it is **ORDERED** as follows:

1. <u>Applicability</u>.

   (A) <u>Covered Discovery Material</u>. This Protective Order applies to all items, documents and information ("discovery material") that the government produces to any defense counsel in relation to the above-captioned case. The Order therefore applies whether the discovery material is produced in accordance with the parties' discovery agreement, the Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. § 3500), or applicable Constitutional requirements such as *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The Order applies equally to discovery material that might not be strictly discoverable by the above agreement and requirements, but which the government produces for the convenience of or at the request of one or more defendants.

   (B) <u>Covered Persons</u>. This Protective Order applies to all defense counsel, their associates, paralegals, investigators, assistants and/or any other persons who assist (collectively "defense counsel") in or related to the above-captioned case. This Protective Order further applies to any person who obtains discovery material from defense counsel, whether

pursuant to paragraph 3 or otherwise.

  2. <u>Prohibitions</u>.  The following prohibitions apply except as noted in paragraph 3.

    (A) <u>No Further Dissemination of Discovery Material</u>.  Defense counsel are prohibited from disseminating any tangible discovery material, whether in written, electronic or any other form, to anyone. To the extent that notes that contain personal identifiers are made that memorialize, in whole or in part, the contents of any material designated subject to protective order, such notes, become materials subject to the Order and must be handled in accordance with the terms of this Order.

    (B) <u>No Communication of Personal Identifiers</u>.  Defense counsel are prohibited from communicating to anyone any "personal identifiers" that counsel have obtained through the discovery material.  The term "personal identifiers" includes names of minors, dates of birth, social security numbers, taxpayer identification numbers, home street addresses, telephone numbers, financial account numbers, passport numbers, Internet Protocol addresses (also known as IP addresses), or monikers, and any other identifier that may improperly disclose private or sensitive information.  This prohibition applies to all personal identifiers in the discovery materials, whether they pertain to a defendant or another real or fictitious person.

  3. <u>Exceptions Where Discovery Material May be Disseminated</u>.  **All recipients of discovery material are bound by this Protective Order and subject to the same prohibitions as apply to defense counsel.**  Such recipients may not further disseminate any discovery material except as set forth below.

    (A) <u>Co-Counsel and Employees</u>.  Defense counsel may provide discovery material, may communicate personal identifiers, and may reveal witness location information to

their employees (associates, paralegals, investigators and assistants) and their co-defense counsel, where (1) such provision is necessary to the representation of the defendant, and (2) such recipients are provided with this Protective Order and sign an acknowledgment agreeing to abide by its prohibitions.

      (B)    <u>Investigators and Experts</u>.  Defense counsel may provide discovery material, may communicate personal identifiers, and may reveal witness location information to designated investigators and designated expert witnesses, only to the extent that (1) such provision is necessary to the representation of the defendant, and (2) such recipients are provided with this Protective Order and sign an acknowledgment agreeing to abide by its prohibitions.

      (C)    <u>Use in the Course of Defense</u>.  Defense counsel and those who are authorized to receive discovery materials by paragraphs 3(A) & (B) may further use such materials in the course of their defense, as follows:

      (i)    <u>Review by Defendant</u>.  The defendant may review the discovery materials, but may not be provided with any copies thereof, nor may the defendant keep any portions of the materials or notes containing any "personal identifiers".

      (ii)    <u>Filing with the Court</u>.  Defense counsel may file discovery material with the Court as provided by Federal Rule of Crim. P. 49.1, *except* defense counsel may not rely upon the exemption from redaction set forth in paragraph 49.1(b)(7). Any discovery material that is under seal of this or any other court, or information contained therein, that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.

     (iii) <u>Fact Witness Interviews</u>.  Discovery materials may be shown to fact witnesses during pretrial interviews and preparation, to the extent necessary for defense of the case, but such witnesses may not be provided with any copies thereof, nor may they keep any notes or portions of the materials.

  4. Within the latest of ten (10) working days of the final judgment or other final disposition of the instant case (including any direct appeal or litigation pursuant to 28 U.S.C. § 2255), any and all documents released under this Order, and any copies or duplicates approved by the Court pursuant to this Order, shall be returned to United States Attorney's Office, District of Maryland, Greenbelt Division, whether or not a specific request has been made for the return of said documents. Any notes made that memorialize, in whole or in part, the contents of any material designated subject to the protective order are to be destroyed when the discovery material is returned. No information derived from the disclosed discovery material may be used for any subsequent purpose or retained in any form including any data base or files.  The United States Attorney's Office shall notify counsel for Mr. Marques when this paragraph should be invoked.

  5. Defense counsel and any other recipients of discovery materials must sign a discovery receipt that acknowledges their obligations under this Protective Order.

_____      _____
Date                 HONORABLE THEODORE D. CHUANG
                     UNITED STATES DISTRICT JUDGE