IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Crim. No. TDC-19-200 |
| **ERIC EOIN MARQUES** | * | |

\* \* \* \* \* \* \* \* \* \*

**CONSENT MOTION TO EXTEND MOTIONS DEADLINE AND TOLL SPEEDY TRIAL**

The defendant, Eric Eoin Marques, through undersigned counsel, respectfully requests the Court to continue the current deadline for filing pretrial motions until February 1, 2020 and toll the Speedy Trial Act "clock" until that date. Counsel also requests the re-scheduling of the August 20, 2019 conference call until after the requested motions deadline date. The government consents to Mr. Marques' request to extend the motions deadline and the date of the conference call, as well as Mr. Marques' request to toll the Speedy Trial clock. The government has not responded to undersigned counsels' request for comment on the specific date chosen for a new motions deadline. In support, Mr. Marques states as follows:

1)   Mr. Marques is charged by indictment with Conspiracy to Advertise Child Pornography in violation of 18 U.S.C. § 2251(d)(1)(A) and (e) (count 1), Conspiracy to Distribute Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (count 2), Advertising Child Pornography in violation of 18 U.S.C. § 2251(d)(1)(A) and (e) (count 3), and Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (count 4). Indictment, 1-5 (CM/ECF # 29).

1

2) Mr. Marques was originally charged in July of 2013 by Criminal Complaint, which was later amended on August 8, 2013. The allegations underlying the indictment are summarized therein. See Affidavit in Support of Amended Complaint, 1-15 (CM/ECF # 14-1). The government contends that Mr. Marques was the "sole administrator" of an anonymous website hosting service that allegedly hosted numerous websites featuring illicit material, including child pornography. Id. at 2. In sum, the government contends that Mr. Marques hosted "Dark Web" websites advertising child pornography and offering it for download. Mr. Marques was arrested in Dublin, Ireland in 2013. His extradition was perfected in 2019, and he was arraigned on the indictment on May 2, 2019. (CM/ECF # 31).

3) The charged events allegedly occurred between July of 2008 and July of 2013. Indictment, 1-5. Further, a significant portion of the events relevant to the allegations, the government's investigation, and Mr. Marques' arrest occurred in Ireland (where Mr. Marques lived during the time of the alleged crimes) and France (where the server hosting the alleged child pornography was purportedly located). Affidavit in Support of Amended Complaint, 12.

4) On May 8, 2019, the Court set a deadline of May 30, 2019 for the filing of pretrial motions. Scheduling Order, 1 (CM/ECF # 32). That same day, the government filed a consent request to toll the Speedy Trial Clock and move that deadline. See Government's Consent Motion to Exclude Time Under the Speedy Trial Act, 1-3 (CM/ECF # 33). In a proposed Order attached to that motion, the government selected August 8, 2019 as the date through which the Speedy Trial Clock should be tolled. See Proposed Order, 2 (CM/ECF # 33-1). The selection of this date was somewhat arbitrary, and was presumably made by the government based on its best guess as to when discovery could be provided to the undersigned and thoroughly reviewed. The request also

2

likely rested on the government's estimation of how long it might take for potential defense motions to be properly investigated, drafted, and filed. The Court granted the Motion to Toll and extended the motions deadline to August 8, 2019. See Order Granting Consent Motion to Exclude Time Under Speedy Trial Act, 1-2 (CM/ECF # 34); May 13, 2019 Paperless Order (CM/ECF # 35).

    5) Due to the government's representation that discovery included personal identifying information, "online identities (i.e., aliases or monikers) of individuals who are the subject of ongoing criminal investigations," and "information about sensitive investigative techniques employed" by authorities investigating the case, the parties jointly moved the Court for a Protective Order under Federal Rule of Criminal Procedure 16(d)(1). Consent Motion for Entry of a Protective Order, 1-2 (CM/ECF # 37). That motion was granted on May 22, 2019. Order Granting Consent Motion for a Protective Order, 1-4 (CM/ECF # 37).

    6) On May 16, 2019, the government provided the first "batch" of discovery, two (2) discs containing requests for Pen Registers, applications for Search Warrants, memoranda (mostly FBI 302s) memorializing portions of the investigation, largely occurring within the United States, and emails from two (2) accounts purportedly associated with Mr. Marques. The Protective Order limits counsels' ability to describe discovery in detail in this public filing, but suffice to say the production was voluminous and, given the nature of the case, highly technical in nature. Discovery review required some knowledge of computers, internet technology, anonymous hosting services, and TOR, a free, open source software that directs traffic through a worldwide network of relays designed to conceal a user's location, particularly from anyone conducting network surveillance.

7) After a thorough review of the first discovery disclosure, it is clear that there remains significant discovery yet to be produced to the defense. For example, the undersigned contend that the first batch of discovery did not include sufficient detail about the investigation in this case that was performed abroad. Discovery did not include information about Mr. Marques' extradition to the United States, nor did it include transcripts and/or filings related to Mr. Marques' many extradition-related court appearances in Ireland. Further, it did not include sufficient information about "sensitive investigative techniques" that were apparently employed in this case and referenced in the request for a protective order. As such, counsel are unable at this time to properly investigate what constitutional challenges, if any, are appropriate to significant portions of the investigation in this case.

8) On July 3, 2019, the undersigned informally notified the government by email that the undersigned believed more discovery was due. On July 16, 2019, the undersigned followed with a formal written request for additional discovery and seeking the government's position on a continuance request of the current motions deadline to allow time for further disclosures, investigation, and drafting of motions.

9) On July 25, 2019, the government responded that it is in the process of addressing the undersigned's discovery request, and anticipates having a response by mid-August. The government further noted that it has no objection to an extension of the August 8 motions deadline.

10) To be clear, the undersigned cannot represent that the government agrees that Mr. Marques is due all items requested in his July 16, 2019 discovery request, and the Court may need to decide discovery issues at some point. However, it is apparent that additional discovery

is forthcoming, and the undersigned believes that this discovery will likely result in the filing of motions to suppress evidence, among other forms of requested relief.

11)   Due to the technical nature of discovery, and recognizing that the international investigation of a United States citizen (Mr. Marques holds dual U.S./Irish citizenship) generates a host of non-typical, potentially novel Fourth Amendment issues, Mr. Marques requests an extension of the August 8, 2019 motions deadline until February 1, 2020.

12)   The February 1, 2020 date is based on counsels' best guess as to the time it may take to complete review of voluminous discovery, including with Mr. Marques (who is detained), and to continue (and hopefully complete) an extensive defense investigation into potential grounds for motions.  Given the nature of the discovery, it is clear that the undersigned will need to employ the services of an expert or experts to interpret it, a task that will unquestionably take additional time.  Further, foreign investigation may be required given that many events relevant to the case occurred in Ireland and France.  Also, the request for an extension of the motions deadline will provide the parties an opportunity to discuss whether the case can be resolved prior to the filing of such motions.

13)   Relevant to this request is the fact that undersigned counsel both represent one of several defendants in a multi-count indictment containing allegations related to an alleged drug-related robbery (and homicide), which is currently set for trial from September 9, 2019 through September 20, 2019.  See United States v. Dorsey, et al., RDB-18-347.  That matter, which genuinely appears headed to trial, requires significant preparation and will limit counsels' ability to thoroughly review the additional discovery in this case, which will not be provided until at least

mid-August, until that trial has ended. In addition, the November and December holidays will limit the availability of the undersigned and likely any experts.

14) The requested extension (from August 8, 2019 through February 1, 2020) is necessary to provide the defense an opportunity to adequately investigate, research, and draft motions, several of which will likely be essentially dispositive of the case since they will challenge the admissibility of the vast majority of evidence the government intends to introduce at trial.

15) Further, the undersigned (and the government) request that the Court toll the Speedy Trial clock and exclude the period from August 8, 2019 through February 1, 2020 pursuant to 18 U.S.C. § 3161(h)(7)(A) as the ends of justice are served by permitting the parties the requested delay in light of the case's complexity, and the defense's need to receive and thoroughly review the discovery and to complete its investigation and assessment of the case.

**WHEREFORE**, Mr. Marques and the government jointly request that the Court extend the pretrial motions deadline and toll the Speedy Trial clock. Mr. Marques requests that motions be due on or before February 1, 2020 and that the Court continue the status conference currently set for August 20, 2019 at 4:00 p.m. until after the new motions deadline.

A proposed order is attached.

                                                    Respectfully submitted,

                                                    JAMES WYDA
                                                    Federal Public Defender for the District
                                                    of Maryland

                                                    _____/s/_____
                                                    Brendan A. Hurson (#28179)
                                                    Maggie Grace (#29905)
                                                    Assistant Federal Public Defenders
                                                    100 South Charles Street
                                                    Tower II, 9th Floor

>Baltimore, Maryland 21201
>(410) 962-3962 (phone)
>(410) 962-0872 (fax)
>Email: brendan_hurson@fd.org; maggie_grace@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2019, a copy of the foregoing was filed via CM/ECF, which automatically sends notice of such filing to all parties in this matter, including:

Tom Sullivan, AUSA
Kristi O'Malley, AUSA
Ralph Paradiso, AUSA
Keith Becker, AUSA
United States Attorney's Office
6500 Cherrywood Lane Ste 200
Greenbelt, MD 20770

>/s/
>Brendan A. Hurson
>Assistant Federal Public Defender