IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-19-200 |
| | * | |
| ERIC EION MARQUES, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

**GOVERNMENT'S SECOND CONSENT MOTION TO**
**EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, by its undersigned counsel, hereby moves that this Court make a finding pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B) that time necessary for discovery in this complex case and for the parties meaningfully to begin and engage in plea discussions means that the ends of justice are served by continuing the trial date beyond the 70 day period normally required under 18 U.S.C. § 3161(c)(1), because the necessity for discovery in this complicated child pornography case and for discussing a possible resolution to this case without the need for trial outweighs the best interests of the public and the defendant in a speedy trial. For the reasons set forth below, the Court should find that the parties need a longer period than is normally afforded under the Speedy Trial Act for review of the pertinent records and trial preparation, and for working together to try to resolve this case without the need for trial. As detailed below, this is the parties' second request to exclude time under the Speedy Trial Act.

1. This case arises out of an investigation involving the distribution and advertising of child pornography between approximately July 24, 2008 and July 29, 2013. On April 17, 2019, a grand jury sitting in the District of Maryland returned a four-count indictment charging Defendant with (1) Conspiracy to Advertise Child Pornography; (2) Conspiracy to Distribute

Child Pornography; (3) Advertising Child Pornography; and (4) Distribution of Child Pornography, all in violation of Title 18, United States Code, Sections 2251, 2252A, and 2.

2. The United States previously communicated to defense counsel the fact that discovery in this matter is relatively voluminous, in the form of numerous computer hard drives, email accounts, and a significant amount of child exploitation material. Because the Defendant's alleged conduct occurred overseas, a trial in this matter would also involve the coordination of foreign evidence and witnesses. Some materials were also provided to the government in French and had to be translated to be useful in discovery.

3. Given the nature of the discovery material, the government sought a protective order in order to provide Rule 16 discovery. On May 22, 2019, the Court granted the parties' consent motion for that protective order. As a result, significant discovery has now been provided to defense counsel in this case. The most recent round of discovery was provided on approximately October 3, 2019. Government counsel is also working with defense counsel to determine whether the government can provide assistance to defense counsel to make the voluminous discovery provided more easily reviewable because defense counsel informed the government that defense counsel does not have access to the document review database utilized by the government. Also on October 3, 2019, the government provided a response to defense counsel's detailed discovery request. The government has also informed defense counsel that the government is more than willing to set up an evidence review for the voluminous contraband child pornography evidence available in this case because the government cannot provide a copy of such materials to defense counsel.

4. Given that defense counsel just received significant additional discovery, defense counsel cannot meaningfully prepare for trial or engage in plea discussions until the review of this

discovery is complete. Defense counsel has also made request for additional information that the parties discussed with the Court on the status call on October 1, 2019 that the government may or may not be able to provide to defense counsel based on the nature of the requested information. The determination of whether such material can be provided is ongoing.

5. On May 8, 2019, the government filed a consent motion to exclude time under the Speedy Trial Act. On May 13, 2019, the Court granted that motion and found that all of the time between May 8, 2019 and August 8, 2019 were excluded from the calculations of time that had expired under the Speedy Trial Act. On August 1, 2019, defense counsel filed a consent motion for extension of time to file motions and to further toll the Speedy Trial clock to exclude time between August 8, 2019 and February 1, 2020 in light of the case's complexity and to allow defense counsel adequate time to review discovery. On August 8, 2019, pursuant to the schedule for the filing of pretrial motions originally set by the Court, defense counsel filed an Omnibus Motion to Suppress Evidence under seal (ECF 42) as well as a motion for leave to amend, supplement, withdraw, or file additional motions (ECF 43). Those motions are still pending before the Court, which further provides a basis for tolling the Speedy Trial clock under 18 U.S.C. § 3161(h)(1)(D).

6. On August 9, 2019, the Court issued a paperless order (ECF 44) granting in part and denying in part the motion for extension of time to file motions and toll the Speedy Trial clock (ECF 40). In its order, the Court tolled the Speedy Trial clock through September 18, 2019 and scheduled a status call for that date. On September 17, 2019, the Court rescheduled the status call to October 1, 2019 but did not make any further rulings on Speedy Trial tolling.

7. On October 1, 2019, the parties had a status call with the Court. During that call, the Court ordered discovery to be produced by December 1, 2019 and set a deadline for the filing

of further motions for January 6, 2020.  The Court further indicated that it would agree to sign an order further tolling of the Speedy Trial clock through January 6, 2020 – the date pretrial motions are currently due.

8. As discussed during the initial status call on October 1, 2019, in light of the complexity of the case, the relatively large amount of discovery, the possibility of plea negotiations, and the relevant scheduling parameters, it is clear that the 70 days contemplated by the Speedy Trial Act for discovery, pre-trial motions, and trial preparation will be inadequate. Counsel for Defendant, Brendan A. Hurson, Esq. has reviewed this motion, and authorized the government to state to the Court that he agrees that the Speedy Trial Act should be further tolled.

9. For the foregoing reasons, the government requests that the Court find that the interests of justice require a reasonable period of additional time to be excluded from the Speedy Trial clock pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B) because it is in the interests of justice for defense counsel to have a period of time to study recently received discovery and for the government to determine whether it can provide any additional discovery in this complex case. It is in the interests of justice for the parties to have beyond 70 days to review discovery, prepare the case for trial, and to engage in plea discussions with a view towards attempting to resolve this case without the need for trial.[1]

---

[1] In addition, several courts have held that time occupied with plea negotiations may appropriately be treated as one of the other unspecified  "proceedings involving the defendant" that can serve as a basis for excluding time under the Speedy Trial clock pursuant to section 3161(h)(1).  Thus, in *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987), the Seventh Circuit expressly held that "[t]he plea bargaining process can also qualify as one of many 'other proceedings' under the generic exclusion of section 3161(h)(1) . . . . [N]egotiating a plea bargain could be considered a proceeding other than trial, or preparation for trial, that qualifies for the exclusion."  The Eighth Circuit reached the same conclusion in *United States v. Van Sommeren*, 118 F.2d 1214, 1218 (8th Cir. 1997), where it held that "we exclude the plea negotiations as a 'proceeding involving defendant' under section 3161(h)(1)."  *See also United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987) (same).  *But see United States v. Ramirez-Cortez*, 213 F.2d

10. For all of the above-stated reasons, the government, with the consent of defense counsel, requests that the Court issue an order directing the further tolling of the Speedy Trial clock form September 18, 2019 through January 6, 2020.

For the convenience of the Court a proposed order is attached.

                              Respectfully submitted,

                              ROBERT K. HUR
                              UNITED STATES ATTORNEY

By:         /s/_____
                              Kristi N. O'Malley
                              Thomas M. Sullivan

Dated: October 16, 2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, this 16th day of October 2019, caused a copy of the foregoing Government's Consent Motion to Exclude Time Under the Speedy Trial Act to be delivered by CM/ECF to all counsel of record.

                                          _____/s/_____
                                          Kristi N. O'Malley
                                          Assistant United States Attorney

---

1348, 1352 (9th Cir. 1983) (holding that negotiation of a plea agreement is not one of the factors supporting exclusion under the Speedy Trial Act).