## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Crim. No. TDC-19-200** |
| **ERIC EOIN MARQUES** | * | |

\* \* \* \* \* \* \* \* \* \*

## CONSENT MOTION TO EXTEND MOTIONS DEADLINE UNTIL
## FEBRUARY 10, 2020 AND TO TOLL SPEEDY TRIAL

The defendant, Eric Eoin Marques, through undersigned counsel, respectfully requests the Court to continue the current deadline for filing pretrial motions until February 10, 2020 and toll the Speedy Trial Act "clock" until that date.   The government consents to Mr. Marques' request. The purpose for the request is to facilitate plea negotiations, to allow the undersigned additional time to review recent disclosures with Mr. Marques and an expert, and, if needed, to allow sufficient time to finalize the drafting of motions challenging the legality of the investigative techniques employed in this case.[1]   In support, Mr. Marques states as follows:

1)   Mr. Marques is charged by indictment with four (4) child-pornography offenses. Indictment, 1-5 (CM/ECF # 29).   A significant portion of the events relevant to the allegations occurred in Ireland (where Mr. Marques lived during the time of the alleged crimes) and France (where the server hosting the alleged child pornography was purportedly located).   See Affidavit in Support of Amended Complaint, 12.

---

[1]  A conference status call is currently set for January 8, 2020 at 9:30 a.m., after the Court's current deadline for the filing of Motions of January 6, 2020.   If the Court prefers, counsel can be available for a call addressing this request prior to the January 6, 2020 deadline.

1

2)   On October 1, 2019, the Court ordered that the government produce discovery by December 1, 2019.   CM/ECF # 54.   The Court also extended the deadline for the filing of Motions until January 6, 2020.   Id.   To date, the undersigned have received thousands of pages of records, emails, requests for Pen Registers/Trap and Trace devices, transcripts, warrants, FBI reports, and more.   This information is of a highly technical nature, and much of it requires the assistance of an expert for thorough review.   Mr. Marques is also detained pre-trial, making discovery review with him more difficult as, per terms of the discovery agreement and protective order, discovery can only be shared with Mr. Marques in the presence of counsel.

3)   As discussed in previously-filed motions (and on the October 1, 2019 status call), the government alleges that Mr. Marques operated a server on the Tor network that purportedly hosted websites that featured images and videos of child pornography.   The Tor network is designed to offer network users (including website hosts and sever operators) a significant degree of anonymity.   This anonymity is notoriously difficult for government investigators to penetrate. As such, perhaps the greatest overarching question related to the investigation of this case (and thus motions under Fed. R. Crim. P. 12) is how the government was able to pierce Tor's veil of anonymity and locate the IP address of the server in France.

4)   By letter dated December 2, 2019, the undersigned received its first answer to this question.   In that letter, the government revealed vague details of how investigators discovered the IP address (and location) of the server.[2]   The undersigned contend that the December 2, 2019 disclosure is incomplete and inadequate, and that additional discovery on this point is due.   To that end, the undersigned made a formal request for this additional discovery on December 13,

---

[2] It appears that this disclosure was delayed, in part, because the investigative techniques employed were, until recently, classified.

2019 listing items we believe should be provided to us.   The government is reviewing that formal request, which also includes a demand for additional items of discovery that are relevant to other motions, including affidavits in support of warrants executed abroad.   The government has informed the undersigned that it will make a determination as to whether it believes additional disclosures are called for in the near future.

5)   Regardless of whether the government agrees to provide additional discovery, the undersigned requires the continued assistance of an expert to evaluate the discovery provided thus far, most significantly to assist in evaluating the legality of the investigative techniques explained in the December 2, 2019 letter.   The undersigned also require additional time to discuss this disclosure (and others) with Mr. Marques.

6)   Mr. Marques also requires additional time to complete the drafting of pre-trial motions responsive to the large volume of government disclosures.   To date, the undersigned have identified some thirteen (13) possible challenges to the government's investigation into this case, in addition to a non-routine motion to compel additional discovery (if needed).   Discovery review and the drafting of motions is further complicated by the celebration of the end-of-year holidays, as undersigned counsel have pre-planned holiday travel and family obligations scheduled for the next two (2) weeks.

7)   The parties are also involved in plea negotiations.   Resolution of this case is understandably complex as it presents a host of highly technical issues, as well as unresolved matters related to possible restitution and/or forfeiture.   Though a formal agreement has not been reached, the parties are in active discussion and the government has informed the undersigned that any plea offer will be contingent upon Mr. Marques not pursuing pre-trial motions.   As such, a

3

modest extension of the current deadline for filing motions would facilitate those discussions and promote judicial economy by eliminating the need to draft additional motions in the event an agreement can be reached.

8)   The undersigned (and the government) request that the Court toll the Speedy Trial clock and exclude the period from January 6, 2020 through February 10, 2020 pursuant to 18 U.S.C. § 3161(h)(7)(A) as the ends of justice are served by permitting the parties the requested delay in light of the case's complexity, and the defense's need to receive and thoroughly review the discovery, and to allow time to continue plea negotiations.

**WHEREFORE**, Mr. Marques and the government jointly request that the Court extend the pretrial motions deadline and toll the Speedy Trial clock.   Mr. Marques requests that motions be due on or before February 10, 2020.

A proposed order is attached.

Respectfully submitted,

JAMES WYDA
Federal Public Defender for the District
of Maryland

_____/s/_____
Brendan A. Hurson (#28179)
Maggie Grace (#29905)
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
(410) 962-3962 (phone)
(410) 962-0872 (fax)
Email: brendan_hurson@fd.org; maggie_grace@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2019, a copy of the foregoing was filed via CM/ECF, which automatically sends notice of such filing to all parties in this matter, including:

Tom Sullivan, AUSA
Kristi O'Malley, AUSA
Ralph Paradiso, AUSA
Keith Becker, AUSA
United States Attorney's Office
6500 Cherrywood Lane Ste 200
Greenbelt, MD 20770

/s/
_____
Brendan A. Hurson
Assistant Federal Public Defender
