**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Crim. No. TDC-19-200 |
| **ERIC EOIN MARQUES** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MOTION TO STRIKE GOVERNMENT'S NOTICE OF WITNESS TO SPEAK AT SENTENCING (ECF 73)**

Eric Eoin Marques, through undersigned counsel, respectfully moves to strike the "Government's Notice of Witness to Speak at Sentencing" (hereinafter "Notice") and to exclude the testimony of a proposed Government witness due to non-compliance with the Court's Scheduling Order and because the testimony of the proposed witness is cumulative of other evidence already before the Court.   In further support, Mr. Marques argues as follows:

On February 6, 2020, Mr. Marques entered a plea of guilty. A Sentencing Order was entered explicitly mandating that "[i]f counsel for either party intends to call any witnesses at the sentencing hearing, counsel shall submit, in writing, to the Court and opposing counsel, . . . . not less than 14 days before sentencing . . . a statement containing **(a) the names of the witnesses**, (b) a synopsis of their anticipated testimony, and (c) an estimated length of the hearing."   ECF 64 ¶ 5 (emphasis added).   Sentencing has been postponed several times and is now set for May 12, 2021.

On April 28, 2021, the Government filed its Notice indicating that it "anticipates calling a member of law enforcement" to testify at Mr. Marques' sentencing.   Notice, 1.   The filing did not include a name of the proposed witness.   *Id*.   On Friday, April 30, the undersigned contacted the government and requested additional information, including the identity of the witness.   On

1

Wednesday at 9:35pm, the government responded with certain requested information, but failed to identify the witness or to provide a curriculum vitae or equivalent summary of the witness' background. As of this writing, no additional identifying information has been provided.

"In general, the Confrontation Clause guarantees a defendant the right to question an adverse witness about identifying information, including his full name and address." *See United States v. Ramos-Cruz*, 667 F.3d 487, 500 (4th Cir. 2012) (citing *Smith v. Illinois*, 390 U.S. 129, 131 (1968)). While this right is not absolute, any limitation on disclosure of a witness' identifying information ordinarily hinges on safety concerns that are not at issue here. *See Chavis v. North Carolina*, 637 F.2d 213, 226 (4th Cir. 1980). Since the Government has ignored the requirement to disclose the name of its proposed witness, the undersigned are deprived of the opportunity to adequately prepare for cross-examination. For example, the undersigned cannot review prior testimony of the witness or search for possible impeachment evidence related to the witness.

In addition, the Government has provided no background information on the witness' credentials, expertise, or his or her role in this case, or provided the witness' resume or curriculum vitae. Thus, the undersigned cannot assess whether the witness is, in fact, qualified to testify about the proposed topic areas nor can the undersigned raise an objection to the witness' testimony based on the witness' lack of knowledge, expertise, or experience. For these reasons, the Court should strike the Notice and exclude the testimony.

This remedy is also required as the unnamed witness' testimony will be largely, if not completely, cumulative of evidence already in the record. Though the Federal Rules of Evidence do not formally apply at sentencing, *see* Fed. R. Evid. 1101(d)(3), the Court retains "wide latitude as to the information [it] may consider in passing sentence after a conviction." *See United States*

*v. Howard-Arias*, 679 F.2d 363, 367 (4th Cir. 1982).   The Government proffers that the unnamed law enforcement witness will provide the following testimony:

- "[T]he amount and type of child sexual abuse material ("CSAM") websites, and their content, that were found on the Defendant's servers";

- "[T]he "Defendant's role in the conspiracy to advertise and distribute child sexual abuse material on his servers, and his role and place in the world in the advertisement and distribution of CSAM material";

- "[H]ow Freedom Hosting worked for users and websites";

- "[S]teps the Defendant took to protect his identity and the identities of his coconspirators";

- "[T]estimony that the Defendant obstructed justice and was looking to abscond from justice when he was arrested";

- "[T]he Defendant's access to CSAM websites";

- "[T]he number of new images discovered";

- "[T]he type of CSAM discovered";

- The "steps users needed to take to access and maintain membership on some of the CSAM websites hosted on the Defendant's servers";

- "The witness will also testify to and describe some of the videos and images recovered."

Notice, 1-2.   This testimony is largely (if not completely) duplicative of what is already contained in the Plea Agreement's factual basis, the Pre-Sentence Report, or both.   As such, it is cumulative under Fed. R. Evid. 403 and should be excluded.[1]

Of course, Mr. Marques has a due process right to be sentenced only on accurate information.   *See United States v. Lee*, 540 F.2d 1205, 1211 (4th Cir. 1976).   As to those

---

[1] These topics are also discussed in the Government's 40-page late-filed submission in aid of sentencing.   *See* ECF 78 (Under Seal).   The undersigned moved to strike this pleading in a separate filing.   *See* ECF 82 (Under Seal).

3

proffered areas of testimony that Mr. Marques perceives as factually inaccurate, the undersigned is prepared to address them at sentencing through argument or through the introduction of reliable evidence already produced in discovery.   A witness is not required.

For the reasons noted above, this Court should strike the Government's Notice of Witness and exclude the testimony of an unnamed law enforcement witness.

Respectfully submitted,

JAMES WYDA
Federal Public Defender for the District
of Maryland

_____/s/_____
Brendan A. Hurson (#28179)
Maggie Grace (#29905)
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
(410) 962-3962 (phone)
(410) 962-0872 (fax)
Email: brendan_hurson@fd.org; maggie_grace@fd.org