# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. TDC-19-200 |
| ERIC EOIN MARQUES, | * | |
| Defendant. | * | |

*******

## CONSENT MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Jonathan F. Lenzner, Acting United States Attorney for the District of Maryland, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 2253 and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On April 17, 2019, a federal grand jury in the District of Maryland filed an Indictment charging Eric Eoin Marques (the "Defendant") with Conspiracy to Advertise Child Pornography, in violation of 18 U.S.C. § 2251(d)(1)(A) (Count One), Conspiracy to Distribute Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (Count Two), Advertising Child Pornography, in violation of 18 U.S.C. § 2251(d)(1)(A) (Count Three), and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count Four). ECF No. 29.

2. The Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 2253 and 21 U.S.C. § 853(p), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant, of the offenses alleged in Counts One through Four of the Indictment.

3. On or about February 6, 2020, the Defendant pled guilty to the offense alleged in Count One of the Indictment and without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, agreed to forfeit to the United States all right, title and interest in the following items that the Defendant agreed constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's offenses:

>  (a) $154,422.61 in U.S. currency in the form of a money judgment, with credit given for the funds administratively forfeited by the FBI on or about March 13, 2015 (Asset IDs 13-FBI-006178 and 13-FBI-006179); and
>
>  (b) any and all electronic devices containing child pornography recovered during Irish law enforcement's execution of search warrants on July 29, 2013 from the Defendant's residence, the Defendant's vehicle or the Defendant's mother's residence.[1]

4. In support of his guilty plea, the Defendant executed a Stipulation of Facts in which the Defendant admitted that he conspired to advertise child exploitation materials ("CEM") with various site administrators and users who hosted and used CEM websites through Freedom Hosting, an anonymous hosting service the Defendant controlled. The Defendant stated his business had been very successful and he earned a substantial amount of money from

---

1 Subsequent investigation revealed that the following items seized during the execution of those search warrants are not subject to forfeiture:

>  (1) one Iomega external hard drive, Model: LDHD-UP, bearing serial number 97AW500CC6;
>  (2) one Nexus One cellphone; Model PB9100, bearing serial number HT9CRP802946, IMEI: 354957030614781;
>  (3) one Samsung Galaxy GT-I9505 cellphone; bearing serial number RF1D45QYXMJ, IMEI: 356845/05/314658/3 containing one SIM card and one generic 4GB microSD card; and
>  (4) one Samsung GT-I19100 Galaxy SII, bearing serial number RF1C27BMD9N, IMEI: 352166/05/246595/5 containing one SIM card bearing serial number 12291021433.

his endeavors. As part of his plea agreement, the Defendant agreed to forfeit $154,422.61, which represents the value of the property derived from his offense.

5. Pursuant to 18 U.S.C. § 2253, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a forfeiture money judgment in the amount of $154,422.61 in U.S. currency against the Defendant, with credit given for the funds administratively forfeited by the FBI on or about March 13, 2015 (Asset IDs 13-FBI-006178 and 13-FBI-006179).

6. Further, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), to forfeit any property of the defendant up to the value of the forfeiture money judgment included in the Preliminary Order of Forfeiture. Upon issuance of any order forfeiting specific property, the United States will publish notice in accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure.

7. The United States also seeks permission to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c) retain jurisdiction for the purpose of enforcing the forfeiture; and

(d) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney

By:    /s/_____
Thomas M. Sullivan
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/
Thomas M. Sullivan
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-19-200 |
| | * | |
| ERIC EOIN MARQUES, | * | |
| | * | |
| Defendant | * | |
| | * | |

*******

## CONSENT PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on April 17, 2019, a federal grand jury in the District of Maryland filed an Indictment charging Eric Eoin Marques (the "Defendant") with Conspiracy to Advertise Child Pornography, in violation of 18 U.S.C. § 2251(d)(1)(A) (Count One), Conspiracy to Distribute Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (Count Two), Advertising Child Pornography, in violation of 18 U.S.C. § 2251(d)(1)(A) (Count Three), and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count Four);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 2253 and 21 U.S.C. § 853(p), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant, of the offenses alleged in Counts One through Four of the Indictment;

WHEREAS, on February 6, 2020, the Defendant pled guilty to the offense alleged in Count One of the Indictment;

WHEREAS, as part of his guilty plea, the Defendant agreed to entry of an order of forfeiture, as part of the Defendant's sentence, to include (a) a money judgment of at least $154,422.61 in U.S. currency, with credit given for the funds administratively forfeited by the

FBI on or about March 13, 2015 (Asset IDs 13-FBI-006178 and 13-FBI-006179), an amount equal to the value of the property derived from, or otherwise involved in, the Defendant's offense; and (b) any and all electronic devices containing child pornography recovered during Irish law enforcement's execution of search warrants on July 29, 2013 from the Defendant's residence, the Defendant's vehicle or the Defendant's mother's residence.

WHEREAS, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture (a) imposing a money judgment in the amount of $154,422.61 in U.S. currency, with credit given for the funds administratively forfeited by the FBI on or about March 13, 2015 (Asset IDs 13-FBI-006178 and 13-FBI-006179); and (b) for any and all electronic devices recovered during Irish law enforcement's execution of search warrants on July 29, 2013 from the Defendant's residence, the Defendant's vehicle or the Defendant's mother's residence, with the exception of the following items: (1) one Iomega external hard drive, Model: LDHD-UP, bearing serial number 97AW500CC6; (2) one Nexus One cellphone; Model PB9100, bearing serial number HT9CRP802946, IMEI: 354957030614781; (3) one Samsung Galaxy GT-I9505 cellphone; bearing serial number RF1D45QYXMJ, IMEI: 356845/05/314658/3 containing one SIM card and one generic 4GB microSD card; and (4) one Samsung GT-I19100 Galaxy SII, bearing serial number RF1C27BMD9N, IMEI: 352166/05/246595/5 containing one SIM card bearing serial number 12291021433.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The United States' Consent Motion for a Preliminary Order of Forfeiture is GRANTED.

2. Pursuant to 18 U.S.C. § 2253 and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $154,422.61 in U.S. currency is hereby entered against the Defendant.

3. The Defendant shall remain personally liable until the judgment is satisfied. The value of any substitute assets shall be credited toward the satisfaction of the money judgment. Likewise, the value of any directly forfeitable property that is forfeited as the proceeds of the offense shall also be credited toward the satisfaction of the money judgment, but property forfeited as property used to commit or to facilitate the commission of the offense shall not be so credited. The Defendant shall receive credit for the funds administratively forfeited by the FBI on or about March 13, 2015 (Asset IDs 13-FBI-006178 and 13-FBI-006179).

4. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

5. Pursuant to Rule 32.2(b)(6) and (c)(1), no third-party notice or ancillary proceeding is required to the extent that this Order consists solely of a money judgment.

6. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

7. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend

this Order, or enter other orders as necessary, to forfeit additional specific property or substitute property when identified.

                                                      _____
                                                    HONORABLE THEODORE D. CHUANG
                                                    UNITED STATES DISTRICT JUDGE

Dated: _____