IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. TDC-19-200 |
| ERIC EOIN MARQUES | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SENTENCING**

Eric Marques will appear before the Court on September 15, 2021 at 2:00 p.m. to enter into an updated plea agreement to plead guilty to, and to be sentenced for, conspiring to advertise child pornography in violation of 18 U.S.C. § 2251(d)(1)(A) & (e). Mr. Marques maintains the arguments raised in his initial sentencing memorandum and asks that the Court review that filing and its attachments in advance of the September 15 proceeding. *See* Sealed Memorandum in Support of Sentencing, ECF 72 (filed April 28, 2021) ("ECF 72"). For the reasons contained in that memorandum, those noted herein, and the arguments to be offered on September 15, a sentence of 252 months (21 years) of imprisonment is sufficient but not greater than necessary to accomplish the goals of sentencing. Mr. Marques submits this supplemental memorandum to highlight relevant changes to the Plea Agreement and Pre-Sentence Report and to update the Court on the agreed-upon forfeiture and restitution amounts.

**FACTUAL SUMMARY AND PROCEDURAL HISTORY, REVISED PLEA AGREEMENT, AND UPDATES TO THE PRE-SENTENCE REPORT**

**A. Factual Summary & Procedural History**

Mr. Marques' case is summarized in ECF 72. In brief, Mr. Marques is before the Court to be sentenced for operating Freedom Hosting, a server on the TOR network that facilitated the advertisement and distribution of child pornography. Specifically, Freedom Hosting allowed users

1

around the world to host websites for free that offered, among other content, images and videos containing child pornography. On July 29, 2013, Mr. Marques was arrested in Ireland, where he has resided for most of his life. Following one day of release pending a bail hearing in Ireland, he was arrested again in August 1, 2013. He has remained in custody ever since.

The parties initially entered into a plea agreement pursuant to Fed. R. Crim. P 11(c)(1)(C) that called for a prison sentence of between 15 and 21 years. *See* Original Plea Agreement, 6 (ECF 62). Mr. Marques appeared before the Court on May 12, 2021 for sentencing pursuant to that agreement where the parties disputed several issues including the appropriateness of an order instructing the Bureau of Prisons ("BOP") not to credit Mr. Marques for time spent in Irish custody pending extradition and whether Mr. Marques' operation of Freedom Hosting resulted in pecuniary gain. *See* Transcript of May 12, 2021 Proceedings (ECF 93). The Court ultimately rejected the "c-plea" agreement.

**B. Revised Plea Agreement**

The parties subsequently reached a new plea agreement that addressed the issues raised on May 12. This new agreement, fashioned as an addendum to the old one, will be entered pursuant to Fed. R. Crim. P 11(c)(1)(C) on September 15 and calls for a sentence of between 21 years (252 months) and 27 years (324 months). The new agreement provides the following specific updates to the original plea agreement:

- Amends paragraphs 9 and 20(b) to note an agreement to a range of between **21 and 27 years in prison**. *See* June 16, 2021 Plea Agreement Amendments, 1-2 ¶¶ 1-3.

- Amends paragraph 10 to jointly request that the Court note in the Judgment and Commitment Order ("J & C") that Mr. Marques receive credit against his sentence for time spent in official detention in Ireland. *Id*. at ¶ 2.

- Amends the statement of facts to accurately summarize the number of images found on the Freedom Hosting server. *Id*. at ¶ 4.

2

- Amends the statement of facts to accurately state Mr. Marques' business and employment history. *Id*. at ¶ 5.

### C. Revised Pre-Sentence Report

Following Mr. Marques' ratification of the amended plea agreement, an updated Pre-Sentence Report ("Revised PSR") was drafted and provided to the parties for objections. Probation issued the final Revised PSR on July 29, 2021. *See* ECF 107. In addition to changes reflecting the new proposed sentence length and the modified statement of facts, the revised PSR included the following notable updates:

- An update to Mr. Marques' employment record to note that "[d]iscovery from the government documents that Freedom Hosting was created on July 24, 2008 and that Freedom Hosting was free for users until July 2013. Shortly before [Mr. Marques'] arrest, a $5.00 hosting fee was added." Revised PSR, 15 ¶ 72.

- Mr. Marques' employment record was also updated to note that "[s]ince as early as 2003, Mr. Marques also "provided legitimate web-hosting services for businesses and individuals through several entities including a company called Host Ultra. These businesses were profitable to [Mr. Marques] and remained in operation until [Mr. Marques'] arrest in July 2013." *Id*. at ¶ 73.

### D. Filings to be Reviewed in Advance of September 15, 2021

As noted above, Mr. Marques respectfully requests that the Court review his initial sentencing memorandum (ECF 72) and adopts the arguments raised therein. Prior to the May 12 sentencing there were multiple disputes that resulted in the filing of additional motions and memoranda. Most, if not all of these disputes are rendered moot by revisions to the plea agreement and the PSR. As such, the Court need not review all of Mr. Marques' additional sentencing filings including Mr. Marques' Motion to Strike Government's Notice of Witness (ECF 83), Mr. Marques' Response to Government's Motion for Leave to Late File Restitution Memorandum and Opposition to Motion for Post-Sentencing Restitution Hearing (ECF 80), and Mr. Marques' Motion to Strike Government's Memorandum in Aid of Sentencing, or in the Alternative, Motion

for Leave to File a Response and Response (ECF 82).[1]  To the extent an argument contained in one of these earlier filings remains relevant, it is addressed below or will be discussed at sentencing on September 15, 2021.

## **SUPPLEMENTAL SENTENCING ARGUMENTS**

The parties remain in agreement as to the applicable advisory guideline range.  *See* Revised PSR, 11 ¶ 48; 16 ¶ 78.  Thus, the lone task before the Court is to determine whether a sentence of twenty-one (21) years in prison is "sufficient, but not greater than necessary" to accomplish the goals of sentencing in 18 U.S.C. § 3553(a)(2).  For the reasons noted in Mr. Marques' initial sentencing memorandum (ECF 72), Mr. Marques contends that it is.  Below, Mr. Marques addresses several supplemental points in aid of a 21-year prison sentence.

This Court should consider the exceptionally difficult conditions under which Mr. Marques has been jailed awaiting sentencing.  Mr. Marques has spent the past two (2) years and eight (8) months detained at Baltimore's Chesapeake Detention Facility ("CDF").  Revised PSR, 2.  The difficult conditions endured by inmates at CDF during the COVID-19 pandemic are well-documented and need not be recounted in full.  *See Catchings et al. v. Warden Wilson et al.*, 21-cv-428-TSE (D. Md. filed Feb. 20, 2021) (class-action lawsuit compiling CDF's deficiencies in addressing COVID-19 and highlighting some of the severe measures implemented to attempt to halt its spread, often unsuccessfully).  In sum, Mr. Marques has been under some form of enhanced lockdown for much of past year and a half with little or reduced access to meaningful outdoor recreation, reduced programming, and limits on in-person visitation from family and counsel.  He

---

[1] Likewise, Mr. Marques believes that ECF 73 (Government Notice of Witness to Speak at Sentencing), ECF 74 (Government Motion for Extension of Time to File Restitution Memorandum Out of Time), and ECF 86 (Government's Response to Defendant's Motion to Strike Government's Memorandum in Aid of Sentencing and Government's Notice of Witness to Speak at Sentencing) are moot or irrelevant.

endured periods of extreme stress when a significant number of the inmates and a large number of the staff at CDF tested positive for COVID-19.  *See* Plfs' Resp. to the Court's *Sua Sponte* Suggestion of Adding Federal Parties to this Litigation, *Catchings v. Wilson* (D. Md. filed Mar. 31, 2021), ECF 60 at 2-3 (noting the rising numbers of positive COVID-19 tests at CDF during February and March of 2021).  He is further isolated because all of his family resides in Ireland and has never been able to visit him in person.  This will remain the case for the duration of his federal sentence.  He has also received no treatment or therapy for his well-documented mental health maladies while in U.S. custody.  Though he will hopefully receive therapy and treatment when he is ultimately transferred to a Bureau of Prisons ("BOP") facility, the fact remains that his time in custody in the United States has been exceptionally, if not uniquely, harsh.  A twenty-one (21) year sentence recognizes this fact.

Mr. Marques also addresses an issue that was central to his last sentencing:  the question of whether Freedom Hosting netted him significant financial gain.  *See* May 12, 2021 Sentencing Transcript, 49-50 (ECF 93).  The statement of facts and PSR have been revised to reflect that Mr. Marques made money from his legitimate web-hosting services, <u>not</u> Freedom Hosting.  Revised Plea Agreement, 3 ¶ 5 (modifying the claim that Mr. Marques hosted "his server" to a more accurate statement that Mr. Marques hosted "an internet hosting service . . . ."); Revised PSR, 15 ¶¶ 72-74 (noting that Freedom Hosting was "free to users" until "[s]hortly before Mr. Marques' arrest" and reflecting that his money was earned through the operation of "legitimate web-hosting services . . . .").  Though the contents of many of the websites it hosted were despicable and unlawful, the evidence shows that Freedom Hosting was a free service until just before Mr. Marques' arrest.

Mr. Marques also addresses a second issue that was debated at his last court appearance:

credit for time spent in custody in Ireland awaiting extradition to the United States. Sentence computation, including the decision to award credit for time spent in custody prior to sentencing, is a task assigned exclusively to the BOP under 18 U.S.C. § 3585(b). Nonetheless, the parties agree that the Court has the authority to offer its view on whether that credit should be awarded. The parties also agree that the Court should recommend to the BOP in the J & C that the time spent in custody since Mr. Marques' 2013 arrest is to be credited to his federal sentence. *See* Revised Plea Agreement, 2.

Finally, the government may again argue that Mr. Marques is somehow deflecting culpability by raising his diagnosis of Autism Spectrum Disorder ("ASD") in his sentencing materials. To the contrary, Mr. Marques has repeatedly accepted responsibility for his conduct. Mr. Marques tried to plead guilty in Ireland before he was extradited to the United States, but was denied that opportunity by the Irish courts. When he was extradited to the United States, Mr. Marques promptly pled guilty pursuant to a plea agreement that was ultimately rejected by the Court. He has again accepted responsibility for his conduct by signing an amended plea agreement. His well-confirmed ASD diagnosis was at the center of his extradition from Ireland, and is of no surprise to the government. It certainly does not excuse his conduct; the parties have always agreed on this point. *See* ECF 72, 17 ("This [Mr. Marques' ASD] does not mean that Mr. Marques should not be punished. He must be."). Mr. Marques' diagnosis is, however, unquestionably a point this Court is required to consider under 18 U.S.C. § 3553(a), including because it is part of his "history and characteristics." ASD was properly raised in his sentencing memorandum and should be considered by the Court as it determines the appropriate sentence.

No punishment can undo the harms reaped upon the victims of child pornography. However, the Court must mete out a sentence that weighs that harm among many other factors.

Mr. Marques respectfully submits that such a balancing yields a sentence of 21 years in prison, followed by conditions of supervision that permit Mr. Marques' immediate relocation to his home in Ireland. Revised Plea Agreement, 2 ¶ 2.

## RESTITUTION AND FORFEITURE

### A. Forfeiture

Mr. Marques agrees to the entry of an order of forfeiture pursuant to 18 U.S.C. § 2253 and 21 U.S.C. § 853(p). Specifically, he agrees to forfeit $154,422.61 in U.S. currency with credit given for the funds administratively forfeited by the FBI on or about March 13, 2015 (Asset IDs 13-FBI-006178 and 13-FBI-006179). Original Plea Agreement, 7 ¶ 15. A consent motion for a preliminary order of forfeiture in that amount has been submitted to the Court, *see* ECF 87, and no additional action beyond entry of that proposed order is required at this time. *See* ECF 87-1.

### B. Restitution

Mr. Marques agrees that pursuant to 18 U.S.C. § 2259, § 3363, and § 3663A, the Court may order restitution to the victims of his offense, and he further agrees that such an order is appropriate here. *See* Original Plea Agreement, 6; *see also United States v. Burgess*, 684 F.3d 445, 459 (4th Cir. 2012); *Paroline v. United States*, 572 U.S. 434, 443 (2014). As noted in a separate filing addressing restitution, Mr. Marques agrees to the entry of a restitution order and believes there are no disputes regarding the amount owed. *See* ECF 109 (Government's Sealed Submission Regarding Restitution) and ECF 111 (Defendant's Sealed Response). The parties also agree that the Government will seek approval to apply the above-noted forfeited funds as credit against the restitution owed. *See* Plea Agreement, 7 ¶ 17.

## **CONCLUSION**

For these reasons, and those to be offered at sentencing, the fair and just sentence for Mr. Marques is 21 years in prison (252 months) and a condition of supervised release permitting Mr. Marques to depart the United States to reside in his home nation of Ireland immediately upon the completion of his prison term. Given Mr. Marques' inability to pay a fine, we respectfully request that the Court not impose a fine.

                                                      Respectfully submitted,

                                                      JAMES WYDA
                                                      Federal Public Defender

                                                      _____/s/_____
                                                      Brendan A. Hurson (#28179)
                                                      Maggie Grace (#29905)
                                                      Assistant Federal Public Defenders
                                                      100 South Charles Street
                                                      Tower II, Ninth Floor
                                                      Baltimore, Maryland, 21201
                                                      (410) 962-3962 (p)
                                                      (410) 962-3976 (f)
                                                      Email: brendan_hurson@fd.org
                                                               maggie_grace@fd.org