IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. TDC-19-200 |
| v. | * | |
| | * | |
| ERIC EOIN MARQUES, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

## GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

Eric Eoin Marques ("Marques" or "Defendant") was the most prolific purveyor of child pornography in the world when he was arrested. He created servers on the Dark Web that hosted some of the most violent child sexual abuse material ("CSAM") in the world. Millions of images of children being molested, tortured, and abused were recovered, many of them never before seen by law enforcement authorities in the United States or anywhere in the world. He also hosted his own website dedicated to the sexual abuse of children on a separate server in another country.

For these reasons, and those contained in this memorandum, and the Government's prior Sentencing Memorandum, the Government recommends the Defendant be sentenced to 324 months (27 years) imprisonment is appropriate in this case due to the egregiousness of the Defendant's crimes. A sentence of 324 months is sufficient but not greater than necessary to accomplish the goals of sentencing under 18 U.S.C. § 3553.

### PROCEDURAL HISTORY

On April 17, 2019, a grand jury indicted Defendant Eric Eoin Marques ("Marques" or "Defendant") for Conspiracy to Advertise Child Pornography, Conspiracy to Distribute Child Pornography, Advertising Child Pornography, and Distribution of Child Pornography. (ECF No.

29).  On February 6, 2020, Defendant pled guilty to Conspiracy to Advertise Child Pornography, in violation of Title 18, United States Code, Section 2251(d)(1)(A) & (e) pursuant to a negotiated Plea Agreement and Statement of Facts.  After the Court advised the parties that it would not accept the plea agreement, the parties renegotiated the Plea Agreement and Statement of Facts.  The Defendant agreed to these changes, and the parties notified the Court of his intention to continue with his guilty plea.  On July 29, 2021, a revised Presentence Investigation Report ("PSR") was prepared. (ECF No. 107).

## ARGUMENT

On April 15, 2021, the Government filed objections to the original PSR.  The Government believes those objections were resolved during the Defendant's prior Sentencing Hearing and in the Supplemental PSR.  To the extent that the Court believes any objections were not resolved, the Government reasserts those objections.

A sentence of 324 months, with a lifetime of supervision, is warranted in this case.  The Government relies on the arguments set forth in the Government's Sentencing Memorandum to justify this sentence.  It goes without saying that the crimes committed by the Defendant are without parallel.  The Defendant created a "safe place" for child sexual abusers to meet and share images, videos, to encourage, to promote and discuss the sexual abuse of children, to include infants.  The Defendant committed this crime in the District of Maryland while sitting in his living room in Dublin, Ireland.  With the Defendant's specific set of skills, no child in the world is safe, no matter where the Defendant resides when he is released from prison.

In his Supplemental Sentencing Memorandum (ECF No. 112), the Defendant argues that the Court should sentence him to 252 months (21 years) imprisonment, in part due to the "exceptionally difficult conditions under which Mr. Marques has been jailed awaiting

sentencing." (ECF No. 112, p.4). The Defendant asserts that he has been under enhanced lockdown due to COVID-19 restrictions. *Id.* He argues that since the confinement facility took precautions to protect him and others in their care from contracting the virus, he should receive a lower sentence. However, the global COVID-19 pandemic is not a factor specific to Defendant's case, and he offers no case-specific facts establishing why the pandemic or the confinement's facilities precautions caused any unique burden to him.

The only fact specific to the Defendant that he raises as to why these precautions are more detrimental to him is that he is more isolated than other detainees because "his family resides in Ireland and have never been able to visit him in person." *Id*. at 5. The location of his family and their ability to cross borders to visit him is not something within the control of a detention facility, and should not be a factor in determining an appropriate sentence for the Defendant's crimes.

The Defendant also now argues that he has not received any "treatment or therapy for his well-documented mental health maladies while in U.S. custody." *Id*. It is noteworthy that he does not state what treatment or therapy he has not received, nor has he provided any medical records or documentation regarding the medical treatment or therapy that has been diagnosed and not provided. He has presented no evidence that such treatments are unavailable at his current facility and/or been denied to him. If the Defendant was in such need of treatment or therapy, he could have raised the issue with the Government or the Court at any time during his case.

A 324-month sentence in this case is appropriate along with a lifetime of supervision is appropriate in this case. The Defendant has demonstrated that he is able to commit his crimes from anywhere in the world, while also showing that he can elude law enforcement authorities.

The facts of this case—including the advertising and distribution of child pornography, creation of an anonymous server, the hosting of websites dedicated to the production of child pornography and sadomasochistic child pornography, the sexual abuse of infants, the Defendant's efforts to abscond to a country with limited or no extradition process with the United States, and his efforts to obstruct justice—are proof that the Defendant's rehabilitation, success, and his likelihood to re-offend will only be reduced if this Court holds him accountable for his recovery and rehabilitation under supervision.

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney

By: \_\_\_\_/s/_____
Thomas M. Sullivan
Assistant United States Attorney

By: \_\_\_\_/s/_____
Ralph Paradiso
Trial Attorney
Child Exploitation and Obscenity Section
Department of Justice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, this 9th day of September 2021, caused a copy of the foregoing Government's Restitution Submission to be delivered by CM/ECF to all counsel of record.

_____/s/_____
Thomas M. Sullivan
Assistant United States Attorney